NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMPMOR, INC., | : |
| Plaintiff, | : **OPINION** |
| v. | : Civ. No. 09-5465 (WHW) |
| BRULANT, LLC, | : |
| Defendant. | : |

**Walls, Senior District Judge**

        Defendant, Brulant, LLC ("Brulant"), moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts III through VII of the amended complaint ("Complaint") filed by plaintiff, Campmor, Inc. ("Campmor").[1] Alternatively, defendant moves pursuant to Rule 9(b) of the Federal Rules of Civil Procedure to dismiss Counts IV and VI of the amended complaint for failure to plead fraud with particularity. The Court heard oral argument on March 24, 2010.

        The Court grants defendant's motion in part and dismiss with prejudice Counts III (Negligence) and VII (Breach of the Covenant of Good Faith and Fair Dealing) of plaintiff's amended complaint. The Court dismisses without prejudice Counts IV (Fraud) and VI (New Jersey Consumer Fraud Act) and grants plaintiff leave to re-file an amended complaint within 25

---

[1] Plaintiffs' amended complaint lists two distinct claims as "Count IV" and two distinct claims as "Count V." For clarity, this Opinion will refer to plaintiff's claims as if they were properly numbered.

**NOT FOR PUBLICATION**

days of the date of this Opinion and accompanying Order. The Court denies Defendant's motion to dismiss Count V (Negligent Misrepresentation).

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Campmor is a recreational equipment retailer that operates a retail store in Paramus, New Jersey, along with a catalog and Internet-based order business. Campmor represents that in 2006 its Internet sales exceeded $60 million per year and that, to support this level of on-line sales, it sought a "channel solutions partner" that could help upgrade and expand its online business. (Compl. ¶¶ 5-6.) Campmor chose defendant Brulant, a company that specializes in online marketing, to be this partner. On October 1, 2006, Campmor and Brulant entered into a series of written agreements that included a Statement of Work Agreement (the "2006 SOW") and a Master Services Agreement/Terms & Conditions (the "2006 Terms & Conditions").

Campmor alleges that Brulant "failed to keep to any semblance of the contract price" and that "what it has delivered has failed far short of the specific goals set forth in the agreements between the companies." (Compl. ¶ 20.) Campmor claims that its purportedly upgraded website has a lower level of functionality than its original website, and that it has, "since the time of the involvement of Brulant in its website operations, suffered a precipitous decline in Internet sales, far out of proportion with either its in-store sales trends or any [similar] decline observable throughout the industry in which Campmor operates." (Compl. ¶¶ 21-22.)

Campmor originally filed its amended complaint in the Superior Court of Bergen County, New Jersey, asserting the following causes of action: breach of contract (Count I);

NOT FOR PUBLICATION

breach of warranty (Count II); negligence (Count III); fraud (Count IV); negligent misrepresentation (Count V); violation of the New Jersey Consumer Fraud Act (Count VI); and breach of the covenant of good faith and fair dealing (Count VII).  On October 27, 2009, Brulant removed the action to this Court on the basis of diversity jurisdiction.  Brulant now moves to dismiss Counts III through VII of the amended complaint.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007).  However, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly at 546.  Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

NOT FOR PUBLICATION

DISCUSSION

**I.     Applicable Law**

The series of written agreements between Campmor and Brulant (collectively, the "Agreement") contains a choice-of-law provision that the "Agreement shall be governed by and construed in accordance with the laws of Ohio." (2006 Terms and Conditions at 4.) Brulant contends that, pursuant to this choice-of-law provision, Ohio substantive law governs all disputes between it and Campmor arising out of the Agreement. Campmor contends that the choice-of-law provision is unenforceable.

"In evaluating whether a contractual choice-of-law clause is enforceable, federal courts sitting in diversity apply the choice-of-law rules of the forum state, which in this case is New Jersey." Homa v. Am. Express Co., 558 F.3d 225, 227 (3d Cir. 2009). The New Jersey Supreme Court has established that a choice-of-law clause will be upheld "unless either: (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which would be the state of the applicable law in the absence of an effective choice of law by the parties." Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 341-42 (1992) (citing Restatement (Second) of Conflicts of Laws § 187 (1969)).

With regard to exception (a), the New Jersey Supreme Court has held that a "substantial relationship" exists with a state when one of the parties is headquartered in that state.

NOT FOR PUBLICATION

Instructional Sys., 130 N.J. at 342. In this case, a "substantial relationship" with Ohio exists because Brulant is headquartered in Ohio. The analysis under exception (b) is equivalent to the analysis of whether a choice-of-law clause violates New Jersey public policy. See Instructional Sys., 130 N.J. at 342-43.

>	The Court finds that applying Ohio substantive law to resolve the claims in this action does not violate New Jersey public policy. As Campmor itself acknowledges, New Jersey and Ohio law are substantively similar with respect to most of the disputed issues in this action. See Pl. Opp'n at 17-19 (stating that Plaintiff's fraud, negligence, and negligent misrepresentation claims are properly plead under both New Jersey and Ohio law). Campmor posits that the most relevant significant distinction between New Jersey and Ohio law is that Ohio law recognizes a claim for breach of the implied covenant of good faith and fair dealing as part of a breach of contract claim rather than as a stand-alone claim. This distinction does not implicate New Jersey public policy concerns.

>	Moreover, New Jersey courts generally do not find that New Jersey public policy is violated by a contractual choice-of-law clause unless there is a significant distinction in the degree of sophistication or bargaining power between the contracting parties. In Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244 (D.N.J. 1994), the district court found that an attorney who possessed "greater knowledge and bargaining power" than his clients could not "wipe away the protective effects of the New Jersey contingent fee limitations" by including a choice-of-law provision in his agreements with clients that selected Pennsylvania law. Id. at 1249. In Winer Motors, Inc. v. Jaguar Rover Triumph, Inc., 208 N.J. Super. 666

**NOT FOR PUBLICATION**

(App. Div. 1986), the New Jersey Appellate Division recognized the "unequal bargaining power between franchiser and franchisee" as a reason to disregard the contractually agreed upon choice-of-law provision in a franchiser-franchisee agreement. Id. at 672 n.3.  Here, the relationship between Campmor and Brulant is not equivalent to a franchiser-franchisee or attorney-client relationship where one party is in a presumptively weaker bargaining position. Campmor and Brulant are sophisticated business entities who were both capable of hiring sophisticated lawyers to negotiate the terms of their business relationship. Neither party possessed a presumptively weaker bargaining position vis-a-vis the other. It follows that enforcing the choice-of-law provision in the Agreement does not violate New Jersey public policy.

**II.     Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing (Count VII)**

As discussed, Ohio law governs Campmor's claims arising out of the Agreement. Ohio law does not recognize a claim for breach of the implied covenant of good faith and fair dealing as an independent cause of action. See Interstate Gas Supply, Inc. v. Calex Corp., 2006 Ohio 638, P98 (Ohio Ct. App. 2006) (finding that, although every contract includes an implied covenant of good faith and fear dealing, "an allegation of a breach of the implied covenant of good faith cannot stand alone as a separate cause of action from a breach of contract claim"); Lakota Local Sch. Dist. Bd. of Educ. v. Brickner, 671 N.E.2d 578, 584 (Ohio Ct. App. 1996) (noting that "good faith" is part of a contract claim and "does not stand alone" as an independent cause of action). The Court dismisses with prejudice Plaintiff's stand-alone claim for breach of the implied covenant of good faith and fair dealing.

NOT FOR PUBLICATION

### III. Plaintiff's Negligence Claim (Count III)

Campmor alleges that Brulant, "by virtue of its entry with Campmor into an 'online channel partnership' contemplated to exceed the contractual scope of any particular agreement to provide specific services, owed a heightened level of duty to Campmor exceeding the contractual terms of any written agreement into which the parties entered." (Compl. ¶ 33.) Campmor alleges that Brulant negligently breached the duty it owed Campmor, and that this breach gives rise to a cause of action for negligence. (Compl. ¶¶ 34-36.)

The Court finds that Campmor's negligence claim does not survive the present motion to dismiss because, "[i]n Ohio, a breach of contract does not create a tort claim." Briadco Tool & Mould, Inc. v. Triple Diamond Plastics, Inc., No. 09-cv-53, 2009 U.S. Dist. LEXIS 59278, at * 6 (N.D. Ohio July 10, 2009) (citing Wolfe v. Continental Cas. Co., 647 F.2d 705, 710 (6th Cir. 1981)). "A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, even if no contract existed." Textron Fin. Corp. v. Nationwide Mut. Ins. Co., 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996). Here, Campmor fails to plausibly allege that Brulant would have owed it any duty if the two parties had not entered into their contractual agreement. Campmor and Brulant are two independent commercial entities whose relationship arises solely out of their having entered into the Agreement at issue in this action. As a result, the Court dismisses Campmor's negligence claim with prejudice.

**NOT FOR PUBLICATION**

Relatedly, the Court finds that Plaintiff's negligence claim is precluded by the economic loss doctrine. Under Ohio law, "the economic loss doctrine precludes recovery in tort for damages of purely economic damages; a plaintiff must have some sort of contractual relationship with a defendant to recover such damages and cannot recover in negligence where there is lack of physical harm to persons and tangible things." CCB Ohio LLC v. Chemque, Inc., 649 F. Supp. 2d 757, 764 (S.D. Ohio 2009). See also Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co., 42 Ohio St. 3d 40, 45 (1989) (noting that the "law of negligence" does not extend to protect a party's economic expectations). Exceptions to the economic loss doctrine apply if a plaintiff suffers property damage, or if a plaintiff makes a negligent misrepresentation claim. CCB Ohio, 649 F. Supp. 2d at 764. Neither of these two exceptions applies to Count III of the amended complaint. Campmor's cause of action for negligence must be dismissed with prejudice.

**IV.   Plaintiff's Negligent Misrepresentation and Fraudulent Inducement Claims (Counts IV and V)**

    **1.   Propriety of Tort Claims/Economic Loss Doctrine**

Brulant argues that Campmor's tort claims must be dismissed because, as a general rule, "tort actions are not available for breach of contract cases." (Def. Br. at 6 (citing Schachner v. Blue Cross and Blue Shield of Ohio, 77 F.3d 889, 897 (6th Cir. 1996).) Brulant further contends that, "since Campmor's claims are based on breach of contract, then the economic loss doctrine bars Campmor from using the same facts as a basis for a tort claim." (Def. Br. at 6 n.2.)

-8-

NOT FOR PUBLICATION

The Court finds that the economic loss doctrine does not bar Campmor's fraudulent inducement or negligent misrepresentation claims. As noted by an Ohio district court, "the Supreme Court of Ohio has yet to specifically address the economic loss rule in the context of a claim for negligent misrepresentation, but several Ohio appellate courts have done so, and a majority of these courts have recognized that a claim for negligent misrepresentation is actionable even when the plaintiff's damages consist only of economic loss." ATM Exch., Inc. v. Visa Int'l Serv. Ass'n, No. 05-cv-732, 2008 U.S. Dist. LEXIS 93461, at *38-39 (S.D. Ohio Aug. 14, 2008). See also Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Products Inc., No. 02-cv-1288, 2007 U.S. Dist. LEXIS 24904, at *19 (Mar. 22, 2007) (reasoning that "because 'pecuniary loss' is by its very definition 'economic loss,' the economic loss rule cannot logically be applied to a negligent misrepresentation claim"). The same rationale preventing the economic loss doctrine from precluding negligent misrepresentation claims prevents the doctrine from barring intentional misrepresentation claims as well. See Miami Valley Paper, LLC v. Lebbing Eng'g & Consulting GMBH, No. 05-cv-702, 2006 U.S. Dist. LEXIS 76748, at *11 (S.D. Ohio Oct. 10, 2006) ("[T]his court finds that, under Ohio law, Plaintiff is not precluded from pleading negligent misrepresentation and fraudulent inducement by the economic loss doctrine.").

The Court also finds that plaintiff's fraudulent inducement and negligent misrepresentation claims are not barred by the general principle that, "[u]nder Ohio law, 'the existence of a contract action excludes the opportunity to present the same case as a tort claim.'" Academic Imaging, LLC v. Soterion Corp., 2009 Fed. App. 0737N, at *12 (6th Cir. 2009) (quoting Textron, 115 Ohio App. 3d 137, 151 (Ohio App. Ct. 1996)). In Eggert Agency, Inc. v.

NOT FOR PUBLICATION

NA Mgmt. Corp., No. C2-07-1011, 2008 U.S. Dist. LEXIS 90830 (S.D. Ohio Aug. 12, 2008), the district court held that a misrepresentation claim based upon an alleged misstatement made before a contract was formed was not a "mirror image" of a claim for breach of that contract. Id. at *20. The court noted that a misrepresentation claim is predicated upon a showing that the promisor never intended to keep the promise at the time it was made, whereas a breach of contract claim involves an alleged failure to abide by the contract and is predicated upon conduct after the contract is formed. Id. at *21. See also Found. for Moral Law v. Infocision Mgmt. Corp., No. 5:07-cv-3131, 2008 U.S. Dist. LEXIS 108117, at *20 n.7 (N.D. Ohio May 27, 2008) (permitting a plaintiff's claims of fraudulent inducement to enter a contract and breach of that contract to advance beyond the pleading stage).

   Here, Campmor's fraudulent inducement and negligent misrepresentation claims involve Brulant's alleged misconduct at the time of promising – before entering into an agreement with Campmor – and its breach of contract claim is based upon Brulant's alleged misconduct after entering into an agreement with Campmor. It would be premature for the Court to conclude at the pleading stage that these claims are "mirror images" of each other. Campmor is entitled to seek evidence to support each of these claims.

   **2.  Parol Evidence Rule**

   The Ohio Supreme Court has stated that the parol evidence rule is a rule of substantive contract law providing that, "absent fraud, mistake, or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written

**NOT FOR PUBLICATION**

agreements." Galmish v. Cicchini, 90 Ohio St. 3d 22, 27 (2000) (quoting 11 Williston on Contracts (4 Ed. 1999) 569-70, Section 33:1). However, an exception to the parol evidence rule exists when a party asserts a claim of fraudulent inducement or negligent misrepresentation. Academic Imaging, 2009 Fed. App. 0737N, at *15. This exception "does not lose its force merely because the considered written agreement contains an integration clause." Galmish, 90 Ohio St. 3d at 28. The exception would only lose its force if the alleged inducement to sign the contract was a promise, "the terms of which are directly contradicted by the signed writing." Galmish, 90 Ohio St. 3d at 29.

Brulant has not shown that the Agreement contains any provisions directly contradicting the alleged misrepresentations upon which Campmor claims that it relied in entering into it. The Court finds that the parol evidence rule does not preclude Campmor from advancing its fraudulent inducement or negligent misrepresentation claims.

### 3. Sufficiency of Negligent Misrepresentation Allegations

Brulant argues that Campmor has not adequately pled a cause of action for negligent misrepresentation because it did not owe Campmor a fiduciary duty.

The Ohio Supreme Court has articulated, with respect to the tort of negligent misrepresentation, that a person "who, in the course of . . . . [a] transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating this information." Delman v. City of Cleveland Heights, 41 Ohio St. 3d 1 (1989)

-11-

NOT FOR PUBLICATION

(quoting 3 Restatement of the Law 2d, Torts (1965), Section 552(1)).  Some courts have implied that this tort does not extend to circumstances where two businesses conduct arms-length negotiations and enter into a professional relationship.  See, e.g., Universal Contr. Corp. v. Aug, 2004 Ohio 7133, P11, P16-18 (Ohio Ct. App. 2004) ("In resolving negligent-misrepresentation cases, Ohio courts have eschewed a bright-line rule on when to permit recovery. . . . Where the relationship between the plaintiff and the party negligently providing information is fiduciary-like, the information provider owes a higher level of care . . . . At the other end of the spectrum are duties imposed in relationships involving business relationships negotiated at arms' length by sophisticated parties to further their own economic interests.").  Other courts have found that a "special" or fiduciary-like relationship between a plaintiff and defendant is not necessary.  See, e.g., Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Products, Inc., No. 02-cv-1288, 2007 U.S. Dist. LEXIS 24904, at *19 (March 22, 2007) (concluding that "a special relationship is not a formal element of a negligent misrepresentation claim under Ohio law"); ATM Exch., 2008 U.S. Dist. LEXIS 93461, at *41-42 (adopting the National Mulch conclusion that a "special relationship" is not necessary).

      In this matter, the Court follows the rationale of National Mulch and concludes that a special relationship is not a necessary element of a negligent misrepresentation claim under Ohio law.  See also CCB Ohio, 649 F. Supp. 2d at 767 (finding that the "formal elements" for a negligent misrepresentation claim are "simply that (1) the Defendant supplied false information for the guidance of the Plaintiff in its business transaction; (2) the Plaintiff was justified in relying on the information; and (3) the Defendant failed to exercise reasonable care or

**NOT FOR PUBLICATION**

competence in obtaining and/or communicating this information"). Plaintiff has sufficiently pled the required elements of a negligent misrepresentation claim. The Court will not dismiss this claim at the pleading stage.

    4.    **Sufficiency of Fraud Allegations**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged" in order to give them an opportunity to respond meaningfully to a complaint, "and to prevent false or unsubstantiated charges." Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998). Rule 9(b) "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." Advanta, 180 F.3d at 534 (citation omitted). A plaintiff "need not, however, plead the date, place or time of the fraud, so long as they use an alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Rolo, 155 F.3d at 658 (citation omitted). The Third Circuit has cautioned that courts should "apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants." Rolo, 155 F.3d at 658.

The Court finds that Plaintiff's claim for fraudulent inducement must be dismissed because that claim is not pled with particularity as is required by Rule 9(b). The Complaint alleges as a very general matter that Defendant made misstatements that induced

**NOT FOR PUBLICATION**

Plaintiff to enter into the written agreements at issue. The Complaint provides no context whatsoever for the "who, what, when, where, and how" of any of the alleged misstatements, and fails to use any means to inject "precision and some measure of substantiation" into Plaintiff's allegations of fraud. <u>Advanta</u>, 180 F.3d at 534; <u>Rolo</u>, 155 F.3d at 658. The plaintiff's claim for fraudulent inducement is dismissed without prejudice. Plaintiff is granted leave, if it wishes, to re-file an amended complaint within 25 days of the date of this Opinion and accompanying Order to seek to meet the requirements of Rule 9(b).

**V.      Plaintiff's New Jersey Consumer Fraud Act Claim (Count VI)**

The heightened pleading requirements of Rule 9(b) are applicable to claims of fraud under the New Jersey Consumer Fraud Act ("NJCFA"). <u>See</u> <u>F.D.I.C. v. Bathgate</u>, 27 F.3d 850, 876 (3d Cir. 1994). As discussed, these heightened pleading requirements are not satisfied here. The Court dismisses without prejudice Plaintiff's NJCFA claim. Plaintiff is granted leave, if it wishes, to re-file an amended complaint within 25 days of the date of this Opinion and accompanying Order to seek to meet the requirements of Rule 9(b).

**CONCLUSION**

The Court will enforce the choice-of-law clause in the Agreement and apply Ohio law to Plaintiff's substantive claims. The Court dismisses with prejudice plaintiff's claims for negligence (Count III) and for breach of the covenant of good faith and fair dealing (Count VII). The Court dismisses without prejudice plaintiff's claims for fraud (Count IV) and violations of the New Jersey Consumer Fraud Act (Count VI) and grants plaintiff leave, if it wishes, to re-file

**NOT FOR PUBLICATION**

an amended complaint within 25 days of the date of this Opinion and accompanying Order.  The

Court does not dismiss plaintiff's claim for negligent misrepresentation (Count V).


April 1, 2010                                                           **s/William H. Walls**
                                                                           United States Senior District Judge