**CAMPMOR SUPPLEMENTAL JURY INSTRUCTIONS**

**Instruction 2.**     **Description of Case**

In this case, Campmor claims that Brulant (i) breached its contract with Campmor, (ii) that Brulant's breaches of contract were reckless, (iii) that Brulant breached certain warranties in connection with the services it provided to Campmor and (iv) Brulant made negligent misrepresentations to Campmor in connection with both its ability to provide the services it agreed to provide and the amount and/or quality of the services it actually provided, causing Campmor monetary damages.

Brulant denies Campmor's contentions and also contends that Brulant is entitled to be paid for certain services provided to Campmor for which Campmor has not paid Brulant.

I will give you detailed instructions on the law at the end of the case, and those instructions will control you deliberations and decision.

But in order to help you follow the evidence, I will now give you a brief summary of the elements that Campmor must prove to make its case and that Brulant must prove to make its case:

Campmor:

1. Breach of Contract. The elements of a breach of contract cause of action are:
    a. a contract between the parties,
    b. performance by the party claiming a breach;
    c. a breach of the contract by the other party; and
    d. damages resulting from the breach.

2. Reckless Breach of Contract. A reckless breach of contract is a breach that is accompanied by such gross negligence on the part of breaching party so as to be deemed reckless, causing the party claiming the breach damages.

3. Breach of Warranty. The elements of a breach of warranty are:
   a. An express or implied-in-law promise that services and/or products will conform to certain quality standards and/or criteria;
   b. the services and/or products did not conform to the warranty/warranties; and
   c. damages resulting from the breach.

4. Negligent Misrepresentation. The elements of this cause of action are:
   a. false representations of fact made by a party;
   b. that the party making the representations should have known those statements were false when made,
   c. that the party making the claim relied upon those representations; and
   d. the claiming party suffered damages due to those misrepresentations.

Brulant:

1. Breach of Contract. The elements of a breach of contract cause of action are:
   a. a contract between the parties,
   b. performance by the party claiming a breach;
   c. a breach of the contract by the other party; and
   d. damages resulting from the breach.

2.     Unjust Enrichment.   **[NOTE: This instruction only to be given if the Court determines, as a matter of law, that Brulant's unjust enrichment claim is not barred by the undisputed contractual relationship between the parties.]**

The elements of an unjust enrichment claim are:

- a. Work performed by the claimant for the other party outside of a contractual relationship;
- b. The party receiving the work understood that the claiming party expected payment;
- c. there was value to the work provided; and
- d. It would be unfair for the party receiving the work to retain the benefit of the work without payment.

*Third Circuit Model Civil Instruction 1.2*

**Instruction 24.       Breach of Contract**

1.     **Campmor's Claim**.  Campmor claims that Brulant breached the contract between the parties, causing Campmor damages.

Before you can find for Campmor on this claim, you must find by the greater weight of the evidence that:

- a. Brulant breached the contract by failing to properly perform its work in connection with Campmor's website, including, but not limited to, the Search Engine Optimization of the website and the creation of the 6.0 WebSphere Campmor website; and
- b. Campmor was not in material breach of the contract between the parties at the time of Brulant's breach of contract.

*1 OJI-CV 501.01*

2.     **Brulant's Counterclaim**.  Brulant claims that Campmor breached the contract between the parties, causing Brulant damages.

Before you can find for Brulant on this claim, you must find by the greater weight of the evidence that:

    a.    Campmor breached the contract by failing to pay Brulant during the period which Brulant claims monies are due and owing;

    b.    Brulant was not in material breach of the contract between the parties at the time of Campmor's breach of contract; and

    c.    Brulant properly performed the work for which it seeks payment from Campmor.

*1 OJI-CV 501.01*

**Instruction 25.    Express Warranty.**

    a.    Formation.    If you find that (a) a promise was made by Brulant to Campmor and (b) that promise became a part of the basis of the bargain between the parties, then the agreement contains an express warranty that Campmor's website will conform to that promise.

    b.    Promise.    Brulant has made a promise if, from the facts and circumstances in evidence, you find that a reasonable person in Campmor's position would believe Brulant made a promise about the quality and/or performance of its services and/or of Campmor's website.

    c.    Basis of the Bargain.  It is not necessary that the promise be the motivating factor of the sale.  It is sufficient if the promise is one of the bases of the bargain.  If you find that Campmor relied upon the promise, the promise would then be a part of the basis of the bargain.

    d.    Warranty v. Puffing.  No special words are needed to create an express warranty.  There is no requirement that the words "warranty" or "guarantee" be used, nor is it necessary that Brulant intended to create a warranty.  An express warranty is created if a reasonable person in Campmor's position would understand that Brulant was making a promise as to the quality and/or performance of the website.  If you find, however, from all the facts and circumstances in evidence that a reasonable person in Campmor's position would understand that the statement was only an opinion or commendation of the website by Brulant, that statement is not an express warranty.

    e.    Seller's Knowledge.  An express warranty has been formed by the promise whether or not Brulant intended that the promise would be performed.

  f. Time of Making the Promise. The promise need not be made before the sale is made. A promise made after the sale creates an express warranty if you find that the promise became a part of the basis of the bargain.

If you find that the greater weight of evidence shows that:

  a. Brulant made a promise regarding Campmor's website; and

  b. that was a part of the basis of the bargain between the parties; and

  c. that the promise constituted an express warranty;

  d. before or during the contractual relationship between the parties;

then you must find for Campmor on this claim.

*1 OJI-CV 505.11*

**Instruction 26.**  **Negligent Misrepresentation**

Campmor has claimed that Brulant negligently misrepresented both its ability to properly perform its work on Campmor's website and the level of completion of the work on Campmor's website. If you find that the greater weight of the evidence shows that:

  a. In the course of business between Campmor and Brulant, Brulant provided false information to Campmor to guide and/or influence Campmor's actions; and

  b. Campmor justifiably relied on that information; and

  c. Brulant failed to exercise reasonable care or competence in communicating the information to Campmor;

Then you must find for Campmor on this claim.

*Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 534 N.E.2d 835 (1989).

**Instruction 27.**  **Reckless Breach of Contract**

Campmor has claimed that Brulant committed acts in connection with its contractual relationship to Campmor sufficient to constitute a reckless breach of its contract. If you find that the greater weight of the evidence shows that:

    a.    Brulant breached its contract with Campmor; and

    b.    the breach(es)of contract were accompanied by gross negligence on the part of Brulant which amounts to an independent tort; and

    c.    the circumstances surrounding that gross negligence demonstrated wanton, reckless, malicious and/or oppressive conduct on the part of Brulant;

Then you must find for Campmor on this claim.

*R & H Trucking, Inc. v. Occidental Fire & Cas. Co.*, 2 Ohio App. 3d 269, 271-72 (Ohio Ct. App. 1981).

**Instruction 28.**    **Brulant Claim for Unjust Enrichment.**

**[NOTE: Instruction to be given only if: the Court determines, as a matter of law, (1) that Brulant's unjust enrichment claim is not barred by the undisputed contractual relationship between the parties and (2) that Brulant's proffered evidence, if believed by the jury, demonstrates that retention of the purported benefit by Campmor would be unjust.]**

Brulant has asserted a counterclaim that it provided a benefit to Campmor for which it has not been compensated and that to allow Campmor to retain that benefit without compensating Brulant would be unfair.  If you find that the greater weight of the evidence demonstrates that:

    a.    There was no express contractual relationship between Campmor and Brulant; and

    b.    Brulant, LLC provided services to Campmor with Campmor's knowledge; and

    c.    Campmor knew, or should have known, that the services were given with the expectation of payment of reasonable value; and

    d.    Campmor had a reasonable opportunity to prevent Brulant from providing those services;

Then you must find for Brulant on this counterclaim.

*1 OJI-CV 501.39*

**Instruction 29.      Measure of Damages - Campmor's Breach of Contract Claim.**

In order for you to award breach of contract damages to Campmor, you must first determine that Campmor did not materially breach the contract between the parties prior to or at the time Brulant breached the contract.

**[Note: The following paragraph to be deleted if the Court determines the limitation of liability provision is unenforceable as a matter of law as detailed in Campmor's trial memo.]** The parties have incorporated into their contract a provision that provides the measure of damages for a breach of the contract is the amount paid by Campmor to Brulant relating to the work giving rise to the claim. Therefore, Campmor would be entitled to recover only the amount of money it paid to Brulant up to the total amount paid for each of the Statements of Work that you determine constitute any breach(es) of contract by Brulant.

However, if you determine that Brulant recklessly breached its contract with Campmor, you may award Campmor lost profits and other consequential damages in addition to any breach of contract damages, despite any limitation of liability provision in the contract between the parties. *Nahra v. Honeywell, Inc.*, 892 F.Supp. 962, 969-70 (N.D. Ohio 1995).

In this instance, if you are reasonably certain, based on the evidence, that Campmor lost profits, you may award lost profit damages. When determining the amount of damages you should not pick an arbitrary number or make a guess, but should make your determination based on the evidence presented, including the expert testimony. *City of Gahanna v. Eastgate Properties, Inc.*, 36 Ohio St. 3d 65, 68 (1988).

Campmor also seeks punitive damages in connection with its reckless breach of contract claim. Punitive damages may be awarded against Brulant as a punishment to discourage others form committing similar acts. You are not required to award punitive damages to Campmor, and

you may not do so unless you find that Campmor has proven by clear and convincing evidence that Brulant acted with malice.  Malice means that Brulant demonstrated a conscious disregard for Campmor's rights that has a great probability of causing substantial harm.

    a.    You can infer Brulant acted with malice from any conduct by Brulant that you determine to be reckless, wanton, willful or gross.  *Burns v. Prudential Sec.*, 167 Ohio App. 3d 809, 842-43 (Ohio Ct. App. 2006).

    b.    Substantial means major or significant, not trifling or small.

*1 OJI-CV 315.37*

Campmor also seeks recovery of its attorneys' fees in this case.  Reasonable attorneys' fees are only recoverable by Campmor if you determine Campmor is entitled to punitive damages.  *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 558 (1994); *Columbus Finance, Inc. v, Howard*, 42 Ohio St. 2d 178, 183 (1975).  If you award Campmor attorneys' fees in this case, the Court shall determine the amount of attorneys' fees awarded to Campmor.

*1 OJI-CV 315.39*

**Instruction 30.  Measure of Damages - Campmor's Negligent Misrepresentation Claim.**

If you find that Brulant made negligent misrepresentations to Campmor, Brulant is then liable for Campmor's resulting loss.  *Delman v. City of Cleveland Heights*, 41 Ohio St. 3d 1, 4 (1989).

Campmor's recoverable damages include:

    a.    The difference between the value of the services provided by Brulant and the amount paid by Campmor for those services; and

    b.    Campmor's pecuniary loss suffered as a result of Campmor's reliance on the misrepresentation(s).

Campmor's recoverable damages for this cause of action do not include the benefit of its contract with Brulant.

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 87 Ohio App.3d 613, 629 (8th Dist. 1993).

Pecuniary loss includes any economic loss suffered by Campmor, including the cost to correct the problems you determine were caused by Brulant. *Id*. at 632. In addition, any lost profits you determine were caused by any negligent misrepresentations made by Brulant may be included as part of Campmor's damages under this cause of action. *Atco Medical Products, Inc. v. Stringer*, 1998 WL 161340 (Ct. of Appeals, 9th Dist.).

**Instruction 31. Measure of Damages – Campmor's Breach of Warranty Claim.**

The parties have incorporated into their contract a provision that provides that Brulant's sole obligation in connection with work that did not conform with its contractual obligations would correct any defective work identified by Campmor within 30 days. If you find that this warranty provision met its essential purpose, which means it provided Campmor with the substantial value of its bargain [*Johnson v. Montsanto Co.*, 2002 WL 2030889 at 5 (3rd Dist.)], then Campmor's damages are limited to the amount you determine is due and owing from Campmor to Brulant under the contract. *Andrew v. Power Marketing Direct, Inc.*, 978 N.E.2d 974, (10th Dist. 2012); *Galayda v. Lake Hospital Systems, Inc.*, 71 Ohio St.3d 421, 644 N.E.2d 298 (1994).

However, if you determine that the weight of the evidence shows this warranty provision failed its essential purpose because Brulant was unwilling and/or unable to properly correct its defective work, then you may award Campmor incidental and/or consequential damages, which include the cost to correct any defective work performed by Brulant and any lost profits suffered

by Campmor as a result of the website's failure. *Goddard v. General Motors Corp.*, 60 Ohio St. 2d 41 1971).

**Instruction 32.        Measure of Damages - Brulant's Breach of Contract Counterclaim.**

In order for you to award breach of contract damages to Brulant, you must first determine that Brulant did not materially breach the contract between the parties prior to or at the time Campmor breached the contract. In this instance, Brulant's damages for breach of contract will be the value of the materials and/or services you determine remains due and owing to Brulant from Campmor based on the evidence presented to you. *Andrew v. Power Marketing Direct, Inc.*, 978 N.E.2d 974, (10th Dist. 2012); *Galayda v. Lake Hospital Systems, Inc.*, 71 Ohio St.3d 421, 644 N.E.2d 298 (1994).

**Instruction 33.        Measure of Damages - Brulant's Unjust Enrichment Counterclaim.**
**[NOTE: Instruction to be given only if liability unjust enrichment instruction above given].**

If you determine that Campmor was unjustly enriched by services provided by Brulant outside of any contractual relationship between the parties, then Brulant is entitled to damages equaling the reasonable value of the services provided to Campmor by Brulant for which Brulant has not been paid. *HAD Enterprises v. Galloway*, 192 Ohio App. 3d 133 (4th Dist. 2011).